IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Sondra Bristow Twitty, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>Sandhills Medical Foundation, Inc.<br><br>Defendant. | Case No.: 4:25-cv-10394-JD<br><br>**MEMORANDUM OPINION AND ORDER GRANTING PLAINTIFF'S MOTION TO REMAND** |

This matter is before the Court on Plaintiff's Motion to Remand (DE 12), Defendant's Response in Opposition (DE 14), and Plaintiff's Reply (DE 16). Also pending are Defendant's Motion to Dismiss (DE 4), Plaintiff's Response (DE 17), Defendant's Reply (DE 18), and Plaintiff's unopposed Motion to Stay briefing on the Motion to Dismiss (DE 13).

For the reasons below, Plaintiff's Motion to Remand is GRANTED. Defendant's Motion to Dismiss and Plaintiff's Motion to Stay are DENIED AS MOOT.

### I.   BACKGROUND

#### A.   Factual Background

This putative class action arises from an alleged cybersecurity incident involving Defendant Sandhills Medical Foundation, Inc. ("Sandhills"), a South Carolina healthcare provider. (DE 1-1.) Plaintiff Sondra Bristow Twitty ("Plaintiff") alleges that Sandhills experienced a data breach in which unauthorized third parties

1

gained access to sensitive personally identifiable information and protected health information of patients. (*Id.*)

According to the state court Complaint, Plaintiff contends that the compromised data includes, among other information, names, dates of birth, Social Security numbers, and medical and insurance information. Plaintiff alleges that Sandhills failed to implement reasonable data security measures, failed to monitor its systems adequately, and failed to notify affected individuals of the breach promptly. (DE 1-1 ¶¶ 6−7.) Plaintiff asserts that she and the proposed class members have suffered damages in the form of increased risk of identity theft, invasion of privacy, diminution in the value of their personal data, and out-of-pocket expenses incurred in mitigating future harm. (*Id.* ¶¶ 9, 11.)

Plaintiff brings this action on behalf of herself and a putative class of similarly situated individuals and asserts claims under South Carolina law, including negligence, negligence per se, breach of implied contract, unjust enrichment, and violation of statutory duties. (DE 1-1.)

**B.     Procedural Background**

Plaintiff initiated this action in the Court of Common Pleas for Chesterfield County, South Carolina, Case No. 2025-CP-13-00499. (DE 1-1.) On August 11, 2025, Defendant filed a Notice of Removal invoking federal jurisdiction under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d). (DE 1.)

On August 18, 2025, Defendant moved to dismiss the Complaint under Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. (DE 4.) Plaintiff sought

and received an unopposed extension of time to respond (DE 5; DE 7) and later filed her response in opposition on October 2, 2025 (DE 17). Defendant filed its reply on October 9, 2025 (DE 18).

On September 10, 2025, Plaintiff filed the present Motion to Remand (DE 12). Defendant filed its Response in Opposition on September 24, 2025 (DE 14), and Plaintiff filed her Reply on October 1, 2025 (DE 16). While the Motion to Remand was pending, Plaintiff also filed an unopposed Motion to Stay briefing and proceedings related to the Motion to Dismiss. (DE 13.)

Accordingly, at the time the Court addresses remand, the following motions are pending:

- Defendant's Motion to Dismiss (DE 4);
- Plaintiff's Motion to Remand (DE 12); and
- Plaintiff's unopposed Motion to Stay (DE 13).

Because subject-matter jurisdiction must be resolved as a threshold matter, the Court addresses only the Motion to Remand.

## II.     LEGAL STANDARD

Federal courts are courts of limited jurisdiction, "possess[ing] only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Unlike state courts, which are courts of general jurisdiction, federal courts are "created by Congress with specified jurisdictional requirements and limitations." *Strawn v. AT&T Mobility LLC*, 530 F.3d 293, 296 (4th Cir. 2008).

Accordingly, "[t]he party seeking removal bears the burden of demonstrating that removal jurisdiction is proper[.]" *Id.*

Removal from state court is proper only if the federal district court would have had original jurisdiction over the action at the time of removal. 28 U.S.C. § 1441(a); *Lontz v. Tharp*, 413 F.3d 435, 439 (4th Cir. 2005). If at any time before final judgment it appears that the district court lacks subject-matter jurisdiction, the case must be remanded. 28 U.S.C. § 1447(c). Because removal implicates federalism and comity concerns, the removal statute is strictly construed, and any doubts concerning removability, "a remand is necessary." *Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994).

Congress enacted the Class Action Fairness Act of 2005 ("CAFA") "to curb perceived abuses of the class action device" and to facilitate federal adjudication of large, interstate class actions. *Jackson v. Home Depot U.S.A., Inc.*, 880 F.3d 165, 168 (4th Cir. 2018) (quotation omitted), aff'd, 139 S. Ct. 1743 (2019). CAFA grants federal district courts original jurisdiction over any civil class action in which: (1) the amount in controversy exceeds $5,000,000, exclusive of interest and costs; (2) the proposed class consists of at least 100 members; and (3) any member of the plaintiff class is a citizen of a State different from any defendant (minimal diversity). 28 U.S.C. §§ 1332(d)(2)(A), (d)(5)(B); *Quicken Loans Inc. v. Alig*, 737 F.3d 960, 964 (4th Cir. 2013); *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 84–85 (2014); *Mississippi ex rel. Hood v. AU Optronics Corp.*, 571 U.S. 161, 165–66 (2014); *West Virginia ex rel.*

*McGraw v. CVS Pharmacy, Inc.*, 646 F.3d 169, 174 (4th Cir. 2011); *Lanier v. Norfolk S. Corp.*, 256 F. App'x 629, 631–32 (4th Cir. 2007) (per curiam).

"When the foregoing three criteria are satisfied, a defendant sued in a class action in a state court is presumptively entitled to remove the proceedings to federal court." *Dominion Energy, Inc. v. City of Warren Police & Fire Ret. Sys.*, 928 F.3d 325, 330 (4th Cir. 2019); *see* 28 U.S.C. § 1453(b). Nevertheless, the burden of establishing CAFA jurisdiction rests with the removing party. *Dominion Energy*, 928 F.3d at 335–36; *Bartels ex rel. Bartels v. Saber Healthcare Grp., LLC*, 880 F.3d 668, 681 (4th Cir. 2018); *AU Optronics Corp. v. South Carolina*, 699 F.3d 385, 390 (4th Cir. 2012); *Strawn*, 530 F.3d at 298. If the removing defendant fails to carry that burden, remand is mandatory. 28 U.S.C. § 1447(c).

### III.    DISCUSSION

Defendant's Notice of Removal asserts that minimal diversity exists under CAFA based solely on a declaration stating that "at least one" affected individual resides outside South Carolina, and then concludes—without any supporting factual analysis—that such individual is therefore domiciled in another state. That reasoning is legally insufficient to invoke federal jurisdiction.

It is long and unequivocally settled law that citizenship for purposes of diversity jurisdiction depends on domicile, not residence. As the Fourth Circuit has repeatedly held, "citizenship and residence . . . are not synonymous terms," and "the existence of such citizenship cannot be inferred from allegations of mere residence, standing alone." *Axel Johnson, Inc. v. Carroll Carolina Oil Co., Inc.*, 145 F.3d 660,

663–64 (4th Cir. 1998). Domicile requires both physical presence in a state and the intent to remain there indefinitely, and neither element may be presumed from residence alone.

Here, the declaration attached to the Notice of Removal relies exclusively on residence. (DE 1-2.) The Notice of Removal itself then substitutes the legally required standard by conclusory assertion—labeling the unidentified resident "domiciled"—without providing any supporting facts demonstrating intent to remain, such as voter registration, taxation, permanent physical address, property ownership, or comparable indicia of domicile. (DE 1 at 3.) This is precisely the defect condemned in *Axel Johnson*, where the Fourth Circuit held that federal jurisdiction fails where a party alleges only residence and "failed to plead facts from which the existence of [citizenship] could properly be inferred." 145 F.3d at 663–64.

Defendant's reliance on later CAFA cases recognizing a rebuttable presumption of citizenship from residence in the context of CAFA exceptions is misplaced. As the Fourth Circuit explained in *Skyline Tower Painting, Inc. v. Goldberg*, 148 F.4th 209 (4th Cir. 2025), that rebuttable presumption operates only after CAFA jurisdiction has been established, and only in the distinct context of applying CAFA's abstention-based exceptions, such as the local-controversy or home-state exceptions. Critically, those exceptions do not defeat jurisdiction; they merely require a court to decline to exercise it. By contrast, minimal diversity is a jurisdiction-creating prerequisite. Where minimal diversity is not established at the

6

time of removal, CAFA jurisdiction never attaches at all, and the Court lacks the constitutional and statutory power to proceed.

Accordingly, this is not a case involving evidentiary presumptions governing CAFA exceptions. It is a case of complete failure to establish the existence of federal subject-matter jurisdiction at the jurisdiction-creation stage. Because minimal diversity is mandatory under 28 U.S.C. § 1332(d)(2)(A), Defendant's failure to establish citizenship—rather than mere residence—is dispositive.

Where CAFA jurisdiction is not established at the time of removal, the federal court "lacks subject-matter jurisdiction" and the case must be remanded. 28 U.S.C. § 1447(c). The Court therefore may not proceed to consider CAFA exceptions, Article III standing, or Rule 12(b)(6) merits issues, all of which presuppose the existence of federal jurisdiction.

The burden of establishing federal jurisdiction rests squarely with the removing party. *Strawn*, 530 F.3d at 298. Having elected to rely on a legally insufficient jurisdictional predicate—and having failed to present any competent evidence of domicile—Defendant has not carried that burden.

Accordingly, the Court concludes that CAFA jurisdiction never attached and that remand is mandatory under 28 U.S.C. § 1447(c).[1]

---

[1] The Court expresses no opinion on the merits of Plaintiff's claims, Defendant's defenses, or any issues raised in the pending Motion to Dismiss, all of which are reserved exclusively for determination by the state court on remand.

## IV. CONCLUSION

For these reasons, Plaintiff's Motion to Remand (DE 12) is GRANTED. This action is hereby REMANDED to the Court of Common Pleas for Chesterfield County, South Carolina. Because the Court lacks subject-matter jurisdiction, Defendant's Motion to Dismiss (DE 4) and Plaintiff's Motion to Stay (DE 13) are DENIED AS MOOT.

The Clerk is directed to transmit a certified copy of this Order to the Clerk of Court for Chesterfield County and to close this case.

**IT IS SO ORDERED.**

Joseph Dawson, III
United States District Judge

Florence, South Carolina
January 5, 2025